O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SANTANA,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>          Defendant. | Case No. LA CV 14-9617 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Luis Santana ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by improperly evaluating the disability determination of the Department of Veterans Affairs ("VA") in assessing his residual functional capacity ("RFC"). (*See* Joint Stip. at 3, 8; Administrative Record "AR" at 208-12.) The Court agrees with Plaintiff for the reasons discussed below.

A.    <u>The ALJ Failed to Properly Evaluate the VA's Disability Determination</u>

As a rule, an ALJ must consider a disability determination by the VA in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Further, because of the "marked similarity" between the VA and federal disability programs, an ALJ "must ordinarily give great weight to a VA determination

1

of disability." *Id*. An ALJ may give less weight to such a determination only if he or she "gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*.; *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

Here, first, the ALJ improperly gave "no weight" to the VA's determination because it was generated in the VA context, "with the requirements of the VA, not the requirements of Social Security disability, in mind." (AR at 29); *see Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it."); *Waters v. Colvin*, 2014 WL 1271462, at *14 (E.D. Cal. Mar. 27, 2014) (rejecting, under *McCartey*, Commissioner's argument that VA's determination had little application because issue of disability must be determined under Social Security Act and its implementing regulations).

Second, the ALJ improperly concluded that the VA's determination is "not appropriate when assessing Social Security disability claims because the issue of disability is reserved to the Commissioner . . ." (AR at 29); *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (ALJ's statement that Administration is not bound by VA's disability determination is not a persuasive, specific, and valid reason for rejecting determination); *Wheatley v. Astrue*, 2012 WL 1194306, at *2 (D. Or. Apr. 10, 2012) (ALJ's statement that determination of whether a claimant can work "is reserved to the Commissioner" is not a valid reason to give VA's determination no weight).

Third, the ALJ failed to explain how the VA's determination – that Plaintiff had a 70 percent disability rating for post-traumatic stress disorder, 20 percent for thoracolumbar spine, and 10 percent for bilateral tinnitus – comported with the ALJ's findings that Plaintiff had the RFC to perform a full range of work with only minor nonexertional limitations. (AR at 25, 29, 208-11); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence

and explain why it was rejected); *Lewis v. Astrue*, 2009 WL 4981142, at *6-7 (N.D. Cal. Dec. 15, 2009) (ALJ erred where there was no indication that VA's determination played any role in RFC assessment, and ALJ's conclusion that claimant had only mild restrictions "appears on its face to be inconsistent with a seventy percent disability rating" by the VA).

Fourth, the ALJ's conclusory statement that the VA's determination "does not provide a function by function assessment of [Plaintiff's] limitations" is an insufficient reason to reject the determination. (AR at 18, 21); *see Papez v. Colvin*, 2015 WL 1467437, at *5 (C.D. Cal. Mar. 27, 2015) ("the ALJ's rejection of . . . opinion because it did not detail function-by-function analysis is . . . legally insufficient"). Notably, the determination is supported by almost two hundred pages of VA records, some of which contained functional assessments.[1] (AR at 208-400.) To the extent the ALJ desired a more detailed analysis in the determination itself, or further medical evidence showing function-by-function analysis, the ALJ had a duty to further develop the record in that regard. *Id.*

Thus, the ALJ improperly evaluated the VA's determination.

B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear

---

[1] Contrary to the Commissioner's assertion, the ALJ's exploration of the medical evidence of some of the VA doctors earlier in the decision did not serve to reject the VA's disability determination. (*See* Joint Stip. at 14-15; AR at 26, 28-29); *Slaughter v. Astrue*, 2013 WL 632222, at * 3 (W.D. Wash. Feb. 20, 2013) (ALJ did not reject VA determination by discounting several medical opinions from VA because "the ALJ did not state this was what she was doing . . . [and] did not relate her subsequent analysis of the medical evidence in the record to her rejection of the VA Rating Decision").

that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, because "[t]he ALJ is not compelled to adopt the conclusions of the VA's decisions wholesale," and because there may be persuasive, specific, and valid reasons to discount the VA's determination, the matter is remanded for proper analysis. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). If the ALJ concludes that rejection of the VA's determination is warranted, she shall set forth legally sufficient reasons for rejecting it. *Id.* Given the necessity of remand, the Court need not address Plaintiff's remaining contentions.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: September 04, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*